FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

INDEX NO. 33027/2020E

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
SALLY HADDOCK,

                              Plaintiff,

    -against-

DOLLAR TREE STORES, INC.,

                             Defendant.
-----------------------------------------------------------------x

Index No.:
Date Filed:

Plaintiff designates
BRONX COUNTY as
the place of trial
**SUMMONS**
The basis of venue is
plaintiff's residence at
950 Underhill Avenue,
Apt. 8G, Bronx, NY.

To the above-named Defendant:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Apperance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken aganst you by default for the relief demanded in the Complaint.

Dated: New York, New York
        November 2, 2020

                            Yours, etc.

                            BURNS & HARRIS, ESQS.
                            Attorney(s) for Plaintiff

                            By:_____
                               BLAKE G. GOLDFARB
                               233 Broadway, Suite 900
                               New York, New York 10279
                               (212) 393-1000

DOLLAR TREE STORES, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM
NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E
RECEIVED NYSCEF: 11/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------X   Index No.
SALLY HADDOCK,

                          Plaintiff,

          -against-                                              **VERIFIED**
                                                                 **COMPLAINT**
DOLLAR TREE STORES, INC.,

                          Defendant.
--------------------------------------------------------------X

Plaintiff, by and through her attorneys, BURNS & HARRIS, ESQS., complaining of the defendant, alleges as follows upon information and belief:

1.      That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.** was a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Virginia.

2.      That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.** was a Foreign Business Corporation doing business and deriving substantial revenue from its business in the State of New York.

3.      That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.** was the owner/operator of DOLLAR TREE STORE #5775 located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

4.      That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.** was the owner/operator of a Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

1

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E

RECEIVED NYSCEF: 11/03/2020

5.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.** was doing business as DOLLAR TREE STORE #5775 located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

6.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.** owned the Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

7.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, operated the Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

8.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, maintained the Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

9.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, managed the Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

10.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, controlled the Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

2

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM
NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E
RECEIVED NYSCEF: 11/03/2020

11.    That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, supervised the Dollar Tree store located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

12.    That at all times mentioned herein, it was the duty of defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, to maintain the aforesaid Dollar Tree store in a reasonably safe condition and in good repair, free and clear of tripping/slipping hazards to its lawful patrons/customers.

13.    That at all times mentioned herein, it was the duty of defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, to prevent aisle floors within the aforesaid Dollar Tree store from coming, being and remaining dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly maintained/inspected and a total mess with tripping/slipping hazard(s) present thereat.

14.    That at all times mentioned herein, it was the duty of defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, to provide for the safety, protection and well-being of its patrons at the aforesaid Dollar Tree while they were lawfully traversing the aisle floors during their shopping.

15.    That at all times mentioned herein, it was the duty of defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, to properly maintain/inspect, move, remove, clean, clear aisle floors within the aforesaid Dollar

3

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E

RECEIVED NYSCEF: 11/03/2020

Tree so as to promptly/timely rid or warn of tripping/slipping hazard(s) present thereat.

16.     That at all times mentioned herein, it was the duty of defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, to provide its patrons/customers at the aforesaid Dollar Tree with a reasonably safe, properly maintained/inspected place to walk while lawfully traversing the aisle floors thereat.

17.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, failed to maintain the aforesaid Dollar Tree store in a reasonably safe condition and in good repair, free and clear of tripping/slipping hazards to its lawful patrons/customers.

18.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, failed to prevent aisle floors within the aforesaid Dollar Tree store from coming, being and remaining dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly maintained/inspected and a total mess with tripping/slipping hazard(s) present thereat.

19.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, failed to provide for the safety, protection and well-being of its patrons/customers at the aforesaid Dollar Tree while they were lawfully traversing the aisle floors during their shopping.

20.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, failed to properly maintain/inspect, move, remove, clean, clear aisle floors within the aforesaid Dollar

4

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E

RECEIVED NYSCEF: 11/03/2020

Tree so as to promptly/timely rid or warn of tripping/slipping hazard(s) present threat.

21.     That at all times mentioned herein, defendant **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, failed to provide its patrons/customers at the aforesaid Dollar Tree with a reasonably safe, properly maintained/inspected place to walk while lawfully traversing the aisle floors thereat.

22.     That on March 6, 2020, plaintiff, **SALLY HADDOCK**, was a lawful patron/customer at DOLLAR TREE STORE #5775 located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

23.     That on March 6, 2020, plaintiff, **SALLY HADDOCK**, was caused to fall and be injured while a lawful patron/customer at DOLLAR TREE STORE #5775 located at 806 Pelham Parkway, Village of Pelham Manor, County of Westchester, State of New York.

24.     That on March 6, 2020, plaintiff, **SALLY HADDOCK**, was caused to fall and be injured while a lawful patron/customer at the aforesaid Dollar Tree store due to the aisle floor's dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly maintained/inspected and a total mess condition(s) with tripping/slipping hazard(s) present thereat.

25.     That on March 6, 2020, and for an unreasonably long period of time prior thereto, the aforesaid Dollar Tree store aisle floor existed/remained in its dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly

5

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM
NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E
RECEIVED NYSCEF: 11/03/2020

maintained/inspected and a total mess condition(s) with tripping/slipping hazard(s) present thereat, and defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, carelessly failed to fix or remedy same.

26.     That prior to plaintiff's accident, defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, had actual and/or constructive notice of the aforesaid Dollar Tree store aisle floor's dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly maintained/inspected and a total mess condition(s) with tripping/slipping hazard(s) present thereat for an unreasonably long period of time before plaintiff's accident, and defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, carelessly failed to fix or remedy same.

27.     That prior to plaintiff's accident, defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, carelessly caused and created the aforesaid Dollar Tree store aisle floor's dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly maintained/inspected and a total mess condition(s) with tripping/slipping hazard(s) present thereat and carelessly failed to fix or remedy same.

28.     That defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, caused plaintiff's accident and resulting injuries through its special use of the aisle floor(s) within the aforesaid Dollar Tree store.

29.     That by reason of the foregoing, plaintiff, **SALLY HADDOCK**, was injured.

6

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E

RECEIVED NYSCEF: 11/03/2020

30.     That plaintiff's accident and resulting injuries were due solely to the carelessness and negligence of the defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, and without any negligence on the part of plaintiff contributing thereto.

31.     That plaintiff'ss accident and resulting injuries were due solely to the carelessness and negligence of the defendant, **DOLLAR TREE STORES, INC.**, its agents, servants and/or employees, in its ownership, operation, maintenance, management, repair, supervision, inspection and/or control of the aforesaid store premises; in failing to provide plaintiff with a reasonably safe place to traverse the aforesaid aisles within the store premises; in carelessly causing injury to plaintiff; in failing to properly maintain and/or repair the aisle floor's within the aforesaid premises despite having actual and/or constructive notice of its/their dangerous, defective, hazardous, unsafe, excessively narrowed, blocked/encumbered by merchandise or boxes, unkept, carelessly maintained/inspected and a total mess condition(s) for an unreasonably long period of time before plaintiff's accident.

32.     That by reason of the foregoing, plaintiff, **SALLY HADDOCK**, was seriously injured and damaged, rendered, sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable

7

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM
NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E
RECEIVED NYSCEF: 11/03/2020

to pursue herusual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

33.    Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to, plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant owed plaintiff a non-delegable duty of care.

34.    Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to, plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant is vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to plaintiff's accident and/or damages.

35.    That by reason of the foregoing, plaintiff has been damaged in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendant in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
       November 2, 2020

Yours, etc.

BURNS & HARRIS, ESQS.

8

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E

RECEIVED NYSCEF: 11/03/2020

Attorney(s) for Plaintiff

By: *Blake Goldfarb*

BLAKE G. GOLDFARB
233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000

9

FILED: BRONX COUNTY CLERK 11/03/2020 01:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 33027/2020E

RECEIVED NYSCEF: 11/03/2020

## ATTORNEY VERIFICATION

BLAKE G. GOLDFARB, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for plaintiff in the within action and have read the foregoing **COMPLAINT** and know the contents thereof; the same is true upon information and belief.

This verification is made by your affirmant and not by plaintiff because plaintiff resides in a County other than the County wherein your affirmant maintains his office.

The grounds of your affirmant's knowledge and belief are as follows: Conferences with client and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
        November 2, 2020

_____
BLAKE G. GOLDFARB