UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SALLY HADDOCK,

                    Plaintiff,

        -v-

DOLLAR TREE STORES, INC.,

                    Defendant.

21-CV-4115 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

This is a personal injury dispute originally filed in New York state court by Plaintiff Sally Haddock against Defendant Dollar Tree Stores, Inc. After Defendant removed the action to this Court, Plaintiff filed a motion to remand to state court. For the reasons that follow, the motion to remand is granted.

**I.    Background**

Plaintiff commenced this action against Defendant in New York state court on November 3, 2020. (Dkt. No. 9, Ex. A.) Plaintiff served Defendant with a copy of the summons and complaint on November 18, 2020. (Dkt. No. 9, Ex. B.) Defendant filed an answer on February 8, 2021, and Plaintiff served Defendant with a Bill of Particulars on March 29, 2021. (Dkt. No. 9, Exs. C & D.) On May 7, 2021, Defendant removed the action to this Court based on diversity jurisdiction. (Dkt. No. 1.) According to the notice of removal, Defendant's counsel spoke to Plaintiff's counsel to elicit a settlement demand on April 21, 2021, and Plaintiff's counsel confirmed that the demand would be in excess of $500,000. (Dkt. No. 1, ¶ 4.) On May 14, 2021, Plaintiff filed a letter (Dkt. No. 9), which this Court treated as a motion to remand to state court (Dkt. No. 11).

**II.     Legal Standard**

A defendant seeking to remove a civil action from state court to federal court must do so "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "If, however, the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under [section 1446(b)(3)]." *Boyd v. Tiburcio-Lora*, No. 21 Civ. 4075, 2021 WL 2581242, at *1 (S.D.N.Y. June 23, 2021) (quoting 28 U.S.C. § 1446(c)(3)(A)). For purposes of timeliness, "the removal clock does not start to run until plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

**III.     Discussion**

It is undisputed that the parties are diverse for purposes of 28 U.S.C. § 1332 and that the amount in controversy exceeds $75,000, such that this action could have originally been filed in federal court. The only dispute is whether Defendant removed the case within the thirty-day time limit.

Defendant contends that removal was timely because it first learned that Plaintiff's demand exceeded $75,000 on April 21, 2021, when Defendant's counsel called Plaintiff's counsel to discuss a settlement demand. (Dkt. No. 12 ¶ 8.) Defendant's counsel alleges that it was not until this conversation that it was confirmed that the amount in controversy exceeded $75,000. (Dt. No. 12 ¶ 8.) Plaintiff contends that Defendant could have ascertained from the allegations in the Complaint, served on November 18, 2020, that the amount in controversy exceeded $75,000 because it detailed significant medical costs as a result of the accident that

took place on Defendant's property.  (Dkt. No. 9 at 2.)  Plaintiff additionally argues that Defendant could have ascertained from the bill of particulars sent to Defendant via mail on March 29, 2021 that the amount exceeded $75,000 because of the special damages alleged.  (Dkt. No. 9 at 2–3.)

The Court concludes that while the allegations in Plaintiff's complaint were insufficient to put Defendant on notice that the amount in controversy exceeded $75,000, the allegations in the bill of particulars were sufficient.  Defendant received Plaintiff's bill of particulars, which listed three separate categories of special damages that total $75,000.  (Dkt. No. 9, Ex. D ¶¶ 19, 20.)  Plaintiff also specified that special damages were continuing to accrue and that there were additional damages due to the surgeries Plaintiff required following the accident.  (Dkt. No. 9, Ex. D ¶¶ 11, 19, 20.)

Courts in this district have consistently concluded that removal jurisdiction is proper where a bill of particulars alleges damages in excess of $75,000.  *See, e.g.*, *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19 Civ. 7294, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019).  It follows that "once a defendant receives a bill of particulars, the amount in controversy is established; removal is timely only if it is filed within thirty days of the bill's receipt." *Boyd*, 2021 WL 2581242, at *2.

Plaintiff's bill of particulars, mailed to Defendant on March 29, 2021, notified Defendant that Plaintiff sought damages in excess of $75,000.  *See, e.g.*, *Quinones v. Nat'l Amusements, Inc.*, No. 07 Civ. 663, 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007) (facts alleged in the bill of particulars, including spine injuries and extended loss of mobility, sufficient to find that general damages exceed $75,000); *Armstrong v. ADT Sec. Servs., Inc.,* No. 06 Civ. 4925, 2007

WL 187693, at *2–3 (S.D.N.Y. Jan. 23, 2007) (plaintiff likely seeking more than $75,000.00 although his amended complaint stated that he sought $70,000.00 plus interest and costs).

The thirty-day removal clock began to run on April 1, 2021, *see* Fed. R. Civ. P. 6(d), and the deadline for Defendant to remove was therefore May 1, 2021.  Because Defendant did not file its notice of removal until May 7, 2021, its removal was untimely.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand the case to state court is GRANTED.

The Clerk of Court is directed to remand this case to New York Supreme Court for Bronx County.

SO ORDERED.

Dated: November 5, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4